PAUL J. FISHMAN
United States Attorney
By: JAFER AFTAB
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102
Tel: 973.645.2892
Fax: 973.645.3316
Jafer.Aftab@usdoj.gov

**CLOSED**

|  |  |
|---|---|
|  | UNITED STATES DISTRICT COURT |
|  | DISTRICT OF NEW JERSEY |
| UNITED STATES OF AMERICA, | |
|  | Hon. Esther Salas, U.S.D.J. |
| Plaintiff, | |
|  | Civil Action No. 11-3888 |
| - against - | |
|  | DEFAULT JUDGMENT AND |
|  | FINAL ORDER OF FORFEITURE |
| ALL FUNDS, MONIES AND OTHER THINGS TOTALING $669,498.00 IN VALUE CONTAINED IN ACCOUNT #0970717998-65 HELD IN THE NAME OF AND/OR FOR THE BENEFIT OF MARINE TRANSPORT LOGISTICS INC., ALLA SOLOVYEVA, AND OKSANA KHANZHINA AT JP MORGAN CHASE BANK, N.A. LOCATED AT 439 BROADWAY, BAYONNE, NEW JERSEY 07002 | |
| Defendant *in rem*. | |

WHEREAS, on July 7, 2011, a Verified Complaint for Forfeiture was filed in the United States District Court for the District of New Jersey against all funds, monies and other things totaling $669,498.00 in value contained in account number 0970717998-65, held in the name of and/or for the benefit of Marine Transport Logistics Inc., Alla Solovyeva, and Oksana Khanzhina at JP Morgan Chase Bank, N.A., 439 Broadway, Bayonne, New Jersey 07002 (hereinafter "defendant property") to enforce the provisions of 31 U.S.C. § 5317(c)(2), which subjects to

forfeiture to the United States any property involved in or traceable to a violation of 31 U.S.C. § 5324; and

**WHEREAS,** pursuant to the Warrant for Arrest *In Rem* issued by the Clerk of the Court on July 7, 2011, the United States Department of Homeland Security, Homeland Security Investigations seized the defendant property, namely all funds, monies and other things totaling $669,498.00 in value contained in account number 0970717998-65, held in the name of and/or for the benefit of Marine Transport Logistics Inc., Alla Solovyeva, and Oksana Khanzhina at JP Morgan Chase Bank, N.A., 439 Broadway, Bayonne, New Jersey 07002; and

**WHEREAS,** on July 11, 2011, the Verified Complaint for Forfeiture *In Rem*, Warrant for Arrest *In Rem*, and a Notice of Forfeiture were sent certified mail, return receipt requested to Marine Transport Logistics, Inc., 63 New Hook Road, Bayonne, New Jersey 07002 (*See* Declaration of Jafer Aftab with Exhibits, Exhibit A, hereinafter "Aftab Decl." filed herein); and

**WHEREAS,** on July 11, 2011, the Verified Complaint for Forfeiture *In Rem*, Warrant for Arrest *In Rem*, and a Notice of Forfeiture were sent certified mail, return receipt requested to Mr. Clifford E. Lazzaro, Esq., attorney for Aleksandr Solovyev, an agent of Marine Transport Logistics, 400 West Main Street, 3rd Floor, Freehold, New Jersey 07728 (Aftab Decl., Exhibit B, filed herein); and

**WHEREAS,** on or about July 13, 2011, copies of the Verified Complaint for Forfeiture, Warrant for Arrest *In Rem*, and Notice of Forfeiture were received by Marine Transport Logistics, Inc., 63 New Hook Road, Bayonne, New Jersey 07002 (Aftab Decl., Exhibit A, filed herein); and

**WHEREAS,** on or about July 12, 2011, copies of the Verified Complaint for Forfeiture, Warrant for Arrest *In Rem*, and Notice of Forfeiture were received by Mr. Clifford E. Lazzaro,

Esq., attorney for Aleksandr Solovyev, an agent of Marine Transport Logistics, 400 West Main Street, 3rd Floor, Freehold, New Jersey 07728 (Aftab Decl., Exhibit B, filed herein); and

**WHEREAS**, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, Notice of Civil Forfeiture was posted on an official internet government forfeiture website, namely http://www.forfeiture.gov., for at least 30 consecutive days, beginning on July 15, 2011, notifying all third parties of their right to file a conforming Claim with the Court within sixty (60) days from the first day of publication for a hearing to adjudicate the validity of their alleged legal interest in the property (Aftab Decl., Exhibit C); and

**WHEREAS**, in order to avoid forfeiture of the defendant property, any person claiming an interest in, or right against, the defendant property must file a conforming Claim under penalty of perjury identifying the specific property claimed, identifying the claimant and stating the claimant's specific interest in the property in the manner set forth in Rule G(5)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure and 18 U.S.C. § 983(a)(4)(A), except that in no event may such Claim be filed later than **August 15, 2011,** or, as applicable, no later than 35 days after the date notice of the complaint is sent, or, as applicable, no later than 30 days after the date of final publication of the notice of the filing of the complaint on the official internet government forfeiture website, namely http://www.forfeiture.gov.; and

**WHEREAS**, no conforming Claim has been filed by potential claimant Marine Transport Logistics, Inc., within the time permitted by Rule G(5)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure; and

19

WHEREAS, on August ~~16,~~ 2011, the Clerk of the Court entered Default against Marine Transport Logistics, Inc.; and

WHEREAS, no other conforming Claim has been filed within the time required by Rule G(5)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, and 18 U.S.C. § 983(a)(4)(A) for the defendant property in this matter; and

**NOW THEREFORE, IT IS HEREBY, ORDERED, ADJUDGED AND DECREED**

1. That a Default Judgment and a Final Order of Forfeiture is granted against the defendant property, namely all funds, monies and other things totaling $669,498.00 in value contained in account number 0970717998-65, held in the name of and/or for the benefit of Marine Transport Logistics Inc., Alla Solovyeva, and Oksana Khanzhina at JP Morgan Chase Bank, N.A., 439 Broadway, Bayonne, New Jersey 07002, and no right, title or interest in the defendant property shall exist in any other party; and

2. That any and all forfeited funds, including but not limited to currency, currency equivalents and certificates of deposits, as well as any income derived as a result of the United States Department of Homeland Security, Homeland Security Investigation's management of any property forfeited herein after the payment of costs and expenses incurred in connection with the forfeiture and disposition of the forfeited property, shall be deposited forthwith by the United States Department of Homeland Security, Homeland Security Investigations into the Department of the Treasury Forfeiture Fund, in accordance with the law.

The Clerk is hereby directed to send copies to all counsel of record.

ORDERED this 7th day of November, 2011

4

_____
HONORABLE ESTHER SALAS, U.S.D.J.
UNITED STATES DISTRICT COURT

Case 2:11-cv-03888-ES   Document 8   Filed 11/10/11   Page 5 of 5 PageID: 70
Case 2:11-cv-03888-ES   Document 6-2   Filed 09/15/11   Page 5 of 5 PageID: 59

5